## Theodore Grant *vs.* George W. Lewis.

A party to a suit testified on cross-examination that " he did not know but that " the reputation for truth and veracity of one of his witnesses was good. *Held*, that this did not authorize the other party to put in evidence affidavits and depositions taken by this plaintiff in a former action against this witness, containing testimony that the reputation of the witness in this respect was bad.

Action of tort for false and fraudulent representations of the defendant in the sale of certain notes made by Alfred Pollard, payable to the defendant, and by him indorsed without recourse to the plaintiff.

At the trial in the superior court of Suffolk, at May term 1858, it appeared in evidence that an action had been brought by the plaintiff against Pollard on these notes, and decided against the plaintiff. On the trial of this action, Pollard was a witness in behalf of the plaintiff. The plaintiff was also a witness, and was asked, on cross-examination, " What is the general

reputation of Alfred Pollard for truth and veracity ? " and replied "that he did not know but that the reputation of Alfred Pollard was good."

The defendant then, in order to show that the plaintiff had called a witness whom he deemed unworthy of credit, and also that the plaintiff had declared that the witness and his testimony were not to be believed, offered in evidence many affidavits and depositions, taken by the authority of the plaintiff in support of a motion for a new trial of his action against Pollard, in which it was testified that the character of Pollard, in this particular, was bad. *Allen*, C. J. excluded the evidence ; a verdict was returned for the plaintiff, and the defendant alleged exceptions.

*B. Dean*, for the defendant. The plaintiff's testimony that he did not know but that the reputation of Pollard for truth and veracity was good, was material, and the defendant should have been allowed to contradict it by proving it to be untrue. *Commonwealth* v. *Hunt*, 4 Gray, 421. *Bates* v. *Barber*, 4 Cush. 107. The evidence offered tended to establish this result more clearly and directly than proof of any other fact could do. It was an offer to prove that the plaintiff did know Pollard's reputation to be bad, and had made a solemn declaration to that effect by applying to the court for a new trial in the former action on that ground.

*1. W. Richardson*, for the plaintiff.

METCALF, J. We think that the depositions and affidavits, which the defendant offered in evidence, were rightly excluded. They were taken to be used, and had been used, in another case, between other parties, that is, between the plaintiff and Alfred Pollard, and could not have been read to the jury, in this case, except by consent of the plaintiff. The defendant might have called the deponents and affiants as witnesses, or have taken their depositions, for the same purpose for which they were formerly taken by the plaintiff. Indeed, the defendant's counsel does not suggest that those depositions and affidavits were admissible for any other purpose besides that of contradicting the testimony of the plaintiff, who testified, when asked

what was Alfred Pollard's general reputation for truth, that he "did not know" but that it was good.   And we cannot hold that a person, who has only heard witnesses testify that another's general reputation for truth is bad, can be said to "know" that it is bad.   He cannot know how many other witnesses may have testified that it was good.

*Exceptions overruled.*